UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTO GONZALEZ-AYALA, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL CHERTOFF, *et al.*, <br><br> Respondents. | CASE NO. C05-1749-RSL-JPD <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

On October 17, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241, 1331, 2201, and 1361, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #1). At the same time, petitioner filed a motion for a temporary restraining order ("TRO"). (Dkt. #2). Petitioner alleges that he is being held in immigration custody in violation of the Constitution and the Immigration and Nationality Act ("INA") because he is not subject to mandatory detention under INA § 236(c), 8 U.S.C. § 1226(c). Petitioner requests that this Court issue an order releasing him on his own recognizance. Alternatively, petitioner requests that this Court order the Immigration Court to immediately hold an individualized bond hearing to set reasonable bond pursuant to INA § 236(a), 8 U.S.C. § 1226(a). (Dkt. # 2 at 11).

Having reviewed the entire record, I recommend that the Court GRANT petitioner's motion for a TRO. (Dkts. #1 and #2).

REPORT AND RECOMMENDATION
PAGE – 1

BACKGROUND

Petitioner Roberto Gonzalez-Ayala is a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident in 1993, and has resided in the United States for nearly two decades. He is married and has four United States citizen children, including one who was recently born on October 15, 2005. (Dkt. #1). Petitioner lives with his family in the Cowiche/Tieton Washington area where he owns and operates a licensed and insured landscaping business, Robert & Sons Landscaping. (Dkt. #2, Strawn Decl. at 38).

On November 7, 2001, petitioner pled guilty in the Superior Court of Washington for Yakima County to second degree assault with sexual motivation and was sentenced to four months in prison. (Dkt. #2, Strawn Decl., Ex. 3). Petitioner served his sentence and was released.

In September 2005, immigration officers arrested petitioner and placed him in removal proceedings after he filed an application to renew his lawful permanent resident alien card. After respondents fingerprinted petitioner, they learned of his 2001 conviction and charged him as removable because of that offense. (Dkt. #1 at 4; Dkt. #2 at 2). On October 7, 2005, petitioner requested bond before an Immigration Judge ("IJ") in Seattle, Washington. (Dkt. #2, Strawn Decl., Ex. 1). The IJ determined that he did not have jurisdiction to set a bond because petitioner is subject to mandatory detention under INA § 236(c). (Dkt. #2, Strawn Decl. at 1). On October 17, 2005, petitioner filed the instant motion for a TRO. (Dkt. #2). Respondents did not file a response to petitioner's motion for TRO.

DISCUSSION

The sole question presented is whether petitioner is subject to mandatory detention under INA § 236(c). That statute states as follows:

> **(c) Detention of criminal aliens.** (1) Custody. The Attorney General shall take into custody any alien who –
>   (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS §§ 1182(a)(2)],
>   (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 USC § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],

REPORT AND RECOMMENDATION
PAGE – 2

        (C) is deportable under section 237(a)(2)(A)(i) [8 USC § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
        (D) is inadmissible under section 212(a)(3)(B) [8 USC § 1182(a)(3)(B)] or deportable under section 237(a)(4)(B) [8 USC §§ 1227(a)(4)(B)],
        **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

INA § 236(c), 8 U.S.C. § 1226(c) (emphasis added). Petitioner argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken into immigration custody when he was released from criminal custody as required by the express language of the statute. Since he was released from criminal custody on the underlying offense approximately four years ago, petitioner maintains that his detention under section 236(c) is unlawful. (Dkt. #2 at 2). In support of his argument, petitioner cites a number of decisions from this and other jurisdictions that have found that, under the plain meaning of the statute, mandatory detention does not apply to criminal aliens if they are not taken into immigration custody immediately after being released from incarceration. *See Quezada-Bucio v. Ridge,* 317 F. Supp. 2d 1221 (W.D. Wash. 2004)*; Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997); *Alikhani v. Fasano,* 70 F. Supp. 2d 1124 (S.D. Cal. 1999); *Velasquez v. Reno,* 37 F. Supp. 2d 663 (D.N.J. 1999); *see also Saucedo v. Morones*, C04-2344 (W.D. Wash. 2004); *Manzano v. Chertoff*, C05-693 (W.D. Wash. 2005).

    The phrase "when the alien is released" has been the subject of statutory interpretation in several previous cases, including two published decisions by this Court. In *Quezada-Bucio*, this Court determined that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody." *Quezada-Bucio*, 317 F. Supp. 2d at 1231 (finding that petitioner who was released from state custody and was not taken into immigration custody until three years later was not subject to mandatory detention under INA § 236(c)); *see also Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997) (holding that the plain meaning of the statute indicates that INA § 236(c) applies to aliens immediately after release from custody, and not to aliens released many years

REPORT AND RECOMMENDATION
PAGE – 3

earlier). As the Court explained,

> the clear language of the statute indicates that the mandatory detention of aliens 'when' they are released requires that they be detained at the time of release. *Alikhani*, 70 F. Supp. 2d at 1130. . . . [I]f Congress had intended for mandatory detention to apply to aliens at any time after they were released, it could easily have used the language '*after* the alien is released,*' 'regardless of when the alien is released,' or other words to that effect. Instead Congress chose to use the word 'when,' which connotes a much different meaning.

*Quezada-Bucio*, 317 F. Supp. 2d at 1230. The Court finds, as in *Quezada-Bucio*, that Congress intended mandatory detention to apply only to those aliens taken into immigration custody immediately after their release from state custody. *Id.*

Accordingly, the Court agrees with petitioner that the mandatory detention statute does not apply to him because he was not taken into immigration custody when released from state custody, as required by the express language of the statute. *Quezada-Bucio*, 317 F. Supp. 2d at 1231; *Pastor-Camarena*, 977 F. Supp. at 1417. The Court also agrees that petitioner is entitled to an individualized bond hearing pursuant to the general release terms of INA § 236(a).

## CONCLUSION

Based on the foregoing analysis, the Court should GRANT petitioner's Motion for Temporary Restraining Order (Dkt. #2). This matter should be remanded to the Seattle Immigration Court with instructions to provide petitioner with an individualized bond hearing pursuant to INA § 236(a) within 10 days of the date of this Order.

DATED this  21st  day of October, 2005.

s/ James P. Donohue
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4